

STATE OF VERMONT
CHITTENDEN COUNTY, SS.

CHITTENDEN SUPERIOR COURT
DOCKET NO. *1250-04CnC*

EDWARD J. BRADY,
    Plaintiff

*1:04-cv-310*

        v.

NATIONAL GALLERY OF ART, GEORGIA
O'KEEFE FOUNDATION, BARBARA BUHLER
LYNES, JANE FISHKOFF, JAMES BERRY HILL,
BERRY HILL GALLERIES, INC., BRUCE
WEBER, JOHN DOE and JANE DOE,
    Defendants

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Now comes Plaintiff herein, by and through his attorney Lisa Chalidze,

Esq., and respectfully complain against Defendants as follows.

Factual Allegations

1. Prior to September 17, 1987 one Andrew Dierken trading as Andrew
   Dierken Fine Arts, then and now a resident of Los Angeles, California,
   purchased a certain work of art (hereinafter "the Watercolor"), attributed
   to an American artist called Georgia O'Keeffe (hereinafter "O'Keeffe")
   but actually painted by a forger known as Nick S. Nicolas.

2. On or about September 17, 1987 a representative of the Estate of
   Georgia O'Keeffe, one Judy Lopez, advised Andrew Dierken by letter
   that the Watercolor was not the work of Georgia O'Keeffe.

3. A true copy of the letter from Judy Lopez to Andrew Dierken dated
   September 17, 1987 is attached hereto as Exhibit 1.

11.

4. Upon information and belief, a copy of the September 17, 1987 letter from Judy Lopez to Andrew Dierken and attached hereto as Exhibit 1 was retained in the files of the Estate of Georgia O'Keeffe and eventually transferred to Defendant Georgia O'Keeffe Foundation (hereinafter the "Foundation").

5. Upon information and belief, Andrew Dierken sold the Watercolor after September 17, 1987, thereby putting or keeping it in the stream of commerce.

6. Upon information and belief, Defendant Jane Fishkoff purchased the Watercolor as co-owner from Andrew Dierken Fine Arts, through an art broker known as Ronnie Meyerson Fine Arts.

7. Sometime in 1992, Defendant Barbara Buhler Lynes, a nationally-recognized expert on the work of Georgia O'Keeffe, began working for the Foundation and the National Gallery Of Art (hereinafter "National Gallery"), conducting research for their partnership and/or joint venture to produce the O'Keeffe Catalogue Raisonné, and all of her conduct complained of herein was carried out with their authority and/or apparent authority.

8. Defendant Barbara Buhler Lynes was selected in or about 1992 to be the author of the Georgia O'Keeffe Catalogue Raisonné, which was represented by her and by Defendants National Gallery and the Foundation to the public as being the authoritative source on Georgia O'Keeffe's total known production of drawings, paintings, and sculptures.

9. Over the course of the next seven (7) or so years, Defendant Barbara Buhler Lynes conducted extensive research on many works of art attributed to Georgia O'Keeffe, including the Watercolor.

10. Upon information and belief, the copy of the September 17, 1987 letter from Judy Lopez to Andrew Dierken attached hereto as Exhibit 1 was actually reviewed by Defendant Barbara Buhler Lynes at some time

prior to December 3, 1994, as part of her work on the Catalogue Raisonné.

11. Upon information and belief, one of the files that Defendants Barbara Buhler Lynes and National Gallery and Foundation maintained as confidential and withheld from the public, was a file about the Watercolor that contained information demonstrating or strongly suggesting that the Watercolor was not an authentic work of Georgia O'Keefe but was, instead, the work of a forger known as Nick S. Nicolas.

12. On or before May 25, 1993 Defendants Barbara Buhler Lynes and National Gallery and Foundation had actual knowledge of the letter, and/or contents thereof, dated September 17, 1987 from Judy Lopez to Andrew Dierken (a true copy of which is attached hereto as Exhibit 1) stating that the Watercolor was not an authentic work of Georgia O'Keeffe.

13. Upon information and belief, Defendants Barbara Buhler Lynes and National Gallery and Foundation believed such letter (Exhibit 1) to be accurate in regard to its assertion that the Watercolor was not painted by Georgia O'Keeffe.

14. On or about May 23, 1995 the Watercolor was consigned by its then owners, one of whom was Defendant Jane Fishkoff, to Defendants James Berry Hill and Berry Hill Gallery, Inc. for sale to a class of people that included Plaintiff.

15. On or about October 31, 1995 Defendants Barbara Buhler Lynes, who had actual knowledge that the Estate of Georgia O'Keeffe had designated the Watercolor as not an O'Keeffe, and Defendant Bruce Weber met on the premises of Defendant Berry Hill Gallery, Inc. to inspect the Watercolor and the documents (Exhibit 2), and did so inspect the Watercolor, for the purpose of determining whether it was an authentic O'Keeffe.

16. In or about late November or December, 1995, Defendant Barbara Buhler Lynes followed up on her investigation of the Watercolor by sending one Judy Walsh, Senior Paper Conservator of Defendant National Gallery, to the premises of Defendant Berry Hill Gallery, Inc., where Judy Walsh acting on behalf of Defendants National Gallery and Foundation also personally inspected the Watercolor, including the paper thereof, for the purpose of establishing or refuting the authenticity of the work.

17. At or about the same time, Defendant James Berry Hill and, upon information and belief, Defendant Bruce Weber, and Defendant Berry Hill Gallery, Inc. through them, were told by Judy Walsh and/or Defendant Lynes that "there were questions about the piece".

18. Shortly thereafter, Defendant James Berry Hill, and Defendant Berry Hill Galleries, Inc. through him, advised the then owners, one of whom was Defendant Jane Fishkoff, and/or their representatives, that upon their analysis and in their opinion, there were problems with the Watercolor and that Defendant Berry Hill Gallery, Inc. would no longer have anything to do with it.

19. Instead of removing the Watercolor from the stream of commerce as a reasonably prudent dealer or broker or gallery would have done, Defendants James Berry Hill, Bruce Weber and/or Berry Hill Gallery, Inc. shipped the Watercolor in or about January, 1996 to a gallery in San Francisco, California, for sale to a class of persons including Plaintiff, with the actual knowledge that the painting was a forgery and, upon information and belief, at a time when they knew or should have known that the gallery to which they were shipping the Watercolor was known to have sold forged works as authentic O'Keeffe's in the past.

20. Upon information and belief, Defendants Barbara Buhler Lynes and National Gallery and the Foundation confirmed their belief, through examination of the paper on which the Watercolor was painted, and otherwise, that the Watercolor in fact was not painted by Georgia O'Keefe.

21. A true copy of a letter dated May 25, 1993 from Defendant Barbara
Buhler Lynes to Andrew Dierken is attached hereto as Exhibit 3, which
states in part:

> In my research as author of the Georgia O'Keeffe
> Catalogue Raisonne', I have run across a limited correspondence
> between you and the Estate of Georgia O'Keeffe dating 1987-88
> concerning a watercolor you purchased as a work by Georgia
> O'Keeffe from a Mr. Nick Nicolas.
>     It is my understanding that the O'Keeffe estate could find
> no record of the work in its catalogues of the artist's work and that
> subsequently you stated an intention to initiate legal action against
> Mr. Nicolas, wishing both to get the work off the market and get
> your money refunded.

22. On or about May 10, 1994 Defendant Lynes wrote a letter to Andrew
Dierken, a true copy of which letter is attached hereto as Exhibit 4. In
that letter, Defendant Lynes stated, *inter alia*: "My sole concern, as
author of the O'Keeffe catalogue raisonné, is to know if the watercolor
may still be on the market and, if so, to be able to recognize it."

23. On or about June 22, 1994, Defendants Lynes and National Gallery and
Foundation, and/or an agent or employee thereof, wrote that there was
"something fishy" about the provenance of the Watercolor.

24. On or about August 6, 1994 Defendant Lynes wrote a letter to one Juan
Hamilton, personal assistant to Georgia O'Keeffe during the latter part
of O'Keeffe's life. A true copy of this letter is attached hereto as Exhibit
5.

25. In the letter described in the preceding paragraph, Defendant Lynes
requested a meeting with Mr. Hamilton in order to discuss, *inter alia*,
"the identification of the two watercolors that Nick S. Nicolas purchased
from O'Keeffe"; the various watercolors, not by O'Keeffe, that Nicolas
subsequently authenticated as O'Keeffe work and sold"; and "the
substantial number of fakes that have been sold or are currently being

marketed by various other people or agencies as authentic works by O'Keeffe".

26. On or about November 21, 1994 Defendant Lynes wrote to Defendant Fishkoff "as author of the O'Keeffe catalogue raisonné". A true copy of this letter is attached hereto as Exhibit 6.

27. On or about December 3, 1994 (hereinafter "the December 3 letter") Defendants Lynes and National Gallery and the Foundation wrote a letter to Dr. Fishkoff in which they stated, *inter alia*: "I am enclosing the transparency you so kindly lent me. Having it has permitted me to confirm that the image of the work you own is the same as that I have associated with the untitled watercolor in my files." A true copy of this letter is attached hereto is Exhibit 7.

28. The December 3 letter described in the preceding paragraph is materially misleading and false, by virtue of the omission of the information that the "image" of the "untitled watercolor" in the files of Defendants Barbara Buhler Lynes and National Gallery and the Foundation was actually known by them to be the work of forger Nick S. Nicolas.

29. Plaintiff reviewed and reasonably relied upon the December 3 letter (Exhibit 7) in his decision to purchase the Watercolor from Defendant Fishkoff, through intermediaries, in the reasonable belief that it was an authentic work of Georgia O'Keefe.

30. In or about October, 1996 Plaintiff purchased the Watercolor from Defendant Jane Fishkoff, through intermediaries, in the reasonable belief that it was an authentic work of Georgia O'Keeffe, as an investment to yield returns on which he could depend in his retirement. A true of copy of the documents provided to him to induce his purchase, and which reasonably did induce his purchase, is attached hereto as Exhibit 2.

31. Plaintiff is not a professional art dealer, broker, or appraiser, and at the time of purchase of the Watercolor was not, and never had been, knowledgeable in the works of O'Keeffe, and reasonably relied upon the documents provided to him prior to purchase in regard to authenticity.

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

6

32. Defendant Barbara Buhler Lynes under the auspices of and for Defendant National Gallery and Defendant Foundation, in 1999 caused to be published nationally her authored work, the Georgia O'Keeffe Catalogue Raisonné, believing and intending that it would be relied on nationally as an authoritative source on which works, including the Watercolor, were or were not authentic works of Georgia O'Keefe.

33. The Georgia O'Keeffee Catalogue Raisonné as authored by Defendant Barbara Buhler Lynes under the auspices of Defendant National Gallery and Defendant the Foundation, was offered for sale within the State of Vermont, and actually purchased by Plaintiff within the State of Vermont, as an authoritative guide to the authenticity of various works of art, including the Watercolor.

34. The Catalogue Raisonné was intended by Defendants Barbara Buhler Lynes and National Gallery and the Foundation to be distributed and read nationally, and was in fact distributed and read nationally, and was represented by them as being a guide for interested institutions, agencies, and individuals regarding issues ranging from the histories of particular works to authenticity of particular works of Georgia O'Keeffe.

35. The Catalogue Raisonné was intended, *inter alia*, to establish the authenticity of questionable works, in consultation with an advisory committee.

36. Defendants Barbara Buhler Lynes and National Gallery and the Foundation took steps to maintain confidentiality of files relating to work on the Catalogue Raisonné and did not release such files to the public, including the files they possessed and controlled on the various O'Keeffe forgeries by Nick S. Nicolas, including the Watercolor.

37. Upon release to the public of the Catalogue Raisonné, Plaintiff purchased it in Vermont and learned that the Watercolor was not included in it as an authentic work of O'Keeffe.

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

38. Plaintiff thereupon contacted Defendant Barbara Buhler Lynes by letter of February 8, 2000, a true copy of which is attached hereto as Exhibit 8, inquiring why the Watercolor was omitted. He included with his letter a copy, *inter alia*, of Defendant Barbara Buhler Lynes' letter to Daniel Fishkoff of December 3, 1994, and other documentation presented to him prior to purchase as support for the authenticity of the Watercolor, which documentation is attached hereto as Exhibit 2.

39. Defendant Barbara Buhler Lynes responded to Plaintiff by letter of February 15, 2000, stating *inter alia* that data "could not be demonstrated to conform to the profile of accepted works by Georgia O'Keeffe." This letter (true copy attached hereto as Exhibit 9) is fraudulent in that omits material facts, viz, that the Watercolor was a forgery, and that for some time prior to such letter the Defendants Barbara Buhler Lynes, National Gallery, Foundation, James Berryhill, Bruce Weber and Berryhill Galleries, Inc. had actual knowledge that the Watercolor was, in fact, the work of Nick S. Nicolas and not Georgia O'Keeffe. This withholding of material information was pursuant to an established policy of Defendants Barbara Buhler Lynes, National Gallery and Foundation.

40. Shortly after February 15, 2000, Plaintiff spoke with Defendant Barbara Buhler Lynes by phone, and was told by Defendant Barbara Buhler Lynes that "there's nothing right about your painting, Mr. Brady," and she suggested that he try and get his money back from the dealer who sold it to him.

41. In the above phone conversation, Defendant Barbara Buhler Lynes told Plaintiff that all the documents Plaintiff sent to her with his February 8, 2000 letter were also not right, and were false. The documents are set forth in the February 8, 2000 letter attached hereto as Exhibit 8. These documents were provided to Plaintiff prior to purchase in support of the authenticity of the Watercolor as an O'Keeffe.

42. Plaintiff reasonably concluded from his conversations with Barbara Buhler Lynes that the letter in his possession purporting to be from

Defendants Barbara Buhler Lynes, National Gallery and Foundation, was itself a forgery.

43. Plaintiff again wrote to Defendant Barbara Buhler Lynes on or about May 3, 2000, but never received a written response from her. Shortly after this letter was sent, Defendant Barbara Buhler Lynes called Plaintiff and told him that she could not answer his questions in writing because she was bound by confidential agreement with the National Gallery and the Foundation. Defendant Barbara Buhler Lynes also said that as part of the confidential agreement with National Gallery and the Foundation, she could not even give Plaintiff the address and telephone number of Nick S. Nicolas, even though she had such information.

44. It was not until June 19, 2002 that Plaintiff learned, at the deposition of Defendant Barbara Buhler Lynes, that the December 3, 1994 letter on which he had reasonably relied in purchasing the Watercolor was indeed hers and acknowledged by her to be such, and that she had actual knowledge that the Watercolor was not authentic.

45. The conduct of all Defendants, including Barbara Buhler Lynes' misrepresentations to and/or misleading of Plaintiff via omission of material fact, in the phone conversations of February-May, 2000, constitute fraudulent concealment of Plaintiff's causes of actions against them until such time he had an opportunity to learn, with reasonable diligence, and did actually learn, of his potential causes of action against them, which occurred on June 19, 2002, which sufficiently and effectively tolled the running of the statute of limitations until it commenced running on that date.

46. Upon information and belief, Defendants Barbara Buhler Lynes, National Gallery and Foundation had actual knowledge of the fraud that had been perpetrated upon Plaintiff in his purchase of the Watercolor, and in the fraudulent concealment of his causes of action against them until June 19, 2002, as evidenced *inter alia* by their provision, at the expense of National Gallery and Foundation, of a criminal defense attorney to be present at the deposition of Barbara Buhler Lynes on that date; by their actual possession of files on O'Keeffe forgeries by Nick S.

Nicolas including the Watercolor; and through the inspection of the paper of the Watercolor by their Senior Paper Conservator in late November or early December, 1995, all of which fraud – along with the fraudulent misrepresentations of the December 3, 1994 letter (Exhibit 7) -- they conspired to conceal until June 19, 2002, and which further constitutes an actual, knowing and intentional continuation of the fraudulent concealment commenced by Nick S. Nicolas.

47. Upon information and belief, Defendants James Berry Hill, Bruce Weber and Berry Hill Galleries, Inc. also conspired, actually and knowingly, to conceal the fraudulent acts of Nick S. Nicolas, Dr. Fishkoff, Defendant Barbara Buhler Lynes and Defendants National Gallery and Foundation, which also constitutes an actual, knowing and intentional continuation of the earlier fraud.

48. The value of the Watercolor is significantly lower, as the work of forger Nick Nicholas, than it would be had it been an authentic work of Georgia O'Keeffe, which Plaintiff reasonably believed it to be when he purchased it as an investment.

49. Upon information and belief, the value of the Watercolor had it been an authentic work of Georgia O'Keeffe, would be approximately one million dollars ($1,000,000) more than what the value is (zero) as the work of forger Nick S. Nicolas.

<u>Jurisdictional Allegations</u>

50. Plaintiff has a residence in the Town of South Burlington, County of Chittenden, and State of Vermont.

51. Defendant Barbara Buhler Lynes is and was at all times relevant hereto, upon information and belief, a resident of Santa Fe, New Mexico, an agent of Defendants National Gallery and the Foundation.

52. Defendant Lynes has sufficient contacts with the State of Vermont to support jurisdiction over her in this State, including but not limited to: authoring and assisting in the distribution of a book for nationwide sale,

which was intended to and was in fact sold in Vermont and purchased by Plaintiff in Vermont, which book related directly to the subject matter of this lawsuit; gathering information from nation-wide sources on the full body of work of Georgia O'Keefe; and facilitating the continuation in the interstate stream of commerce of the Watercolor *inter alia* through her letter dated December 3, 1994 (Exhibit 7).

53. Defendant Barbara Buhler Lynes was instrumental in placing the Watercolor into the stream of interstate commerce, including but not limited to by providing a representation about the Watercolor, prior to Plaintiff's purchase thereof, that she knew or should have known would be relied upon by various persons to induce purchase of the Watercolor across state lines and potentially in or from Vermont.

54. Defendant National Gallery is, upon information and belief, a public institution with a principal place of operations in the District of Columbia.

55. Defendant National Gallery has sufficient contacts with the State of Vermont to support jurisdiction over it in this State, including but not limited to: publishing and assisting in the distribution of a book for nationwide sale, which was intended to and was in fact sold in Vermont and purchased by Plaintiff in Vermont, which book related directly to the subject matter of this lawsuit; gathering information from nation-wide sources on the full body of work of Georgia O'Keefe; facilitating the continuation in the interstate stream of commerce of the Watercolor *inter alia* through her letter dated December 3, 1994 (Exhibit 7); receiving federal assistance and/or soliciting contributions of money and/or artwork on a nation-wide basis; and selectively removing from, or facilitating continuation in the stream of, interstate commerce various works of art by Georgia O'Keeffe.

56. Defendant Foundation is, upon information and belief, a federal non-profit organization with a principal place of business in Abiquiu, New Mexico.

57. Defendant Foundation has sufficient contacts with the State of Vermont
to support jurisdiction over it in this State, including but not limited to:
publishing and assisting in the distribution of a book for nationwide sale,
which was intended to and was in fact sold in Vermont and purchased by
Plaintiff in Vermont, which book related directly to the subject matter of
this lawsuit; gathering information from nation-wide sources on the full
body of work of Georgia O'Keefe; facilitating the continuation in the
interstate stream of commerce of the Watercolor *inter alia* through her
letter dated December 3, (Exhibit 7); receiving federal assistance and/or
soliciting contributions of money and/or artwork on a nation-wide basis;
and selectively removing from, or facilitating continuation in the stream
of, interstate commerce various works of art by Georgia O'Keefe.

58. Defendants National Gallery and the Foundation were instrumental in
placing the Watercolor into the stream of interstate commerce, including
but not limited to by providing, upon National Gallery letterhead, a
representation about the Watercolor that it knew or should have known
would be relied upon by various persons to induce purchase of the
Watercolor across state lines and potentially in or from Vermont.

59. Defendant Jane Fishkoff is, upon information and belief, a resident of
the States of New Jersey and Florida.

60. Defendant Jane Fishkoff has sufficient contacts with the State of
Vermont to support jurisdiction over her in this State, including but not
limited to being instrumental in placing the Watercolor into the stream of
interstate commerce and making it available for sale to a class of persons
including Plaintiff, when she knew or should have know that it was a
forgery, and actually transferring her ownership interest in the
Watercolor to Plaintiff herein, after correspondence between one of her
agents and Plaintiff representing that the Watercolor was an authentic
work of Georgia O'Keefe, while knowing and intending that Plaintiff
would pay valuable consideration to her for her ownership interest in the
Watercolor.

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

12

61. Defendant Berry Hill is, upon information and belief, a resident of the City of New York, and State of New York, and is and was at all times relevant hereto the proprietor of Berry Hill Galleries, Inc.

62. Defendant Berry Hill has sufficient contacts with the State of Vermont to support jurisdiction over him in this State, including but not limited to doing business in this State, being instrumental in placing the Watercolor into the stream of interstate commerce, and delivering the Watercolor to an outlet for O'Keeffe forgeries at a time when he knew or should have known that the Watercolor was a forgery by Nick S. Nicolas.

63. Defendant Berry Hill Galleries, Inc. is, upon information and belief, a corporation organized pursuant to the laws of the State of New York, with a principal place of business in the City of New York, and State of New York.

64. Defendant Berry Hill Galleries, Inc. has sufficient contacts with the State of Vermont to support jurisdiction over it in this State, including but not limited to doing business in this State, being instrumental in placing the Watercolor into the stream of interstate commerce, and delivering the Watercolor to an outlet for O'Keeffe forgeries at a time when the proprietor and agent thereof knew or should have known that the Watercolor was a forgery by Nick S. Nicolas.

65. Defendant Bruce Weber, upon information and belief, is and was at all times relevant hereto the manager of Berry Hill Galleries, Inc. and is a resident of the State of New York.

66. Defendant Bruce Weber, upon information and belief, has sufficient contacts with the State of Vermont to support jurisdiction over him in this State, including but not limited to participating in commercial activities in this State, being instrumental in placing the Watercolor into the stream of interstate commerce, and delivering the Watercolor to an outlet for O'Keeffe forgeries at a time when he knew or should have known that the Watercolor was a forgery by Nick S. Nicolas.

67. Defendants John Doe and Jane Doe designate persons unknown who, upon information and belief, caused Defendants Barbara Buhler Lynes and/or Defendants National Gallery and the Foundation, to withhold evidence from Plaintiff in a prior proceeding that contained evidence establishing or strongly suggesting that the Watercolor was a fraud, which withholding perpetuated the original fraud by concealing from Plaintiff the true nature of the Watercolor, and concealing from him his various causes of actions against Defendants herein.

## COUNT I: FRAUD

68. Plaintiff repeats and reavers the allegations set forth in Paras. 1 – 67 above, as if fully set forth herein.

69. The conduct of all Defendants herein except that of Jane Fishkoff constitutes fraud through intentional, knowing omissions of material facts in a misleading manner, which omissions were designed to, and did, mislead Plaintiff who reasonably relied thereon in his decision to purchase the Watercolor, and otherwise.

70. Defendant Jane Fishkoff's conduct constitutes constructive fraud in that she knew or should have known of the misleading and fraudulent nature of the conduct of others that led, as described above, to Plaintiff purchasing the Watercolor from her.

71. As a direct, proximate and foreseeable result of such conduct, Plaintiff has suffered pecuniary and other harm, including but not limited to loss of the benefit of his bargain, loss of use of the money so invested, and attorneys' fees.

## COUNT II: NEGLIGENT MISREPRESENTATION OF INFORMATION TO BE USED IN A PECUNIARY TRANSACTION

72. Plaintiff repeats and reavers the allegations set forth in Paras. 1 – 67 above, as if fully set forth herein.

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

14

73. Defendants did, in the course of their business, profession or employment, or in a transaction in which they had a pecuniary interest, supply false information for the guidance of others, including Plaintiff as reasonably foreseeable recipients of the information, in their business transactions, and in such supplying of false information failed to exercise reasonable care or competence in obtaining or communicating the information.

74. Plaintiff is a person or of a limited group of persons for whose benefit and guidance Defendant intended to supply the information or knew that the recipient intended to supply it.

75. Defendants intended Plaintiff or persons in his limited group to rely upon such information, and intended the information to influence, or knew that the recipient intended the information to influence, Plaintiff or persons in his limited group to purchase the Watercolor.

76. As a direct, proximate and foreseeable result of such conduct, Plaintiff has suffered pecuniary and other harm, including but not limited to loss of the benefit of their bargain, loss of use of the money so invested, and attorneys' fees.

COUNT III: VIOLATION OF VERMONT CONSUMER FRAUD ACT

77. Plaintiff repeats and reavers the allegations set forth in Paras. 1 – 67 above, as if fully set forth herein.

78. The conduct of Defendants as described herein constitutes Consumer Fraud under the Vermont Consumer Fraud Act, 9 V.S.A. sec. 2451 *et seq.*

79. As a direct, proximate and foreseeable result of such conduct, Plaintiff suffered pecuniary loss and other harm, including but not limited to loss of the benefit of their bargain, loss of use of the money so invested, and attorneys' fees, and Defendants are liable for treble damages.

COUNT IV: RESPONDEAT SUPERIOR, APPARENT AUTHORITY

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

15

80. Plaintiff repeats and reavers the allegations set forth in Paras. 1 – 67 above, as if fully set forth herein.

81. Defendants National Gallery and Foundation are liable for all damages stemming from the conduct of Defendant Barbara Buhler Lynes under the doctrines of respondeat superior and actual and/or apparent authority.

82. As a direct, proximate and foreseeable result of such conduct, Plaintiff has suffered pecuniary and other harm, including but not limited to loss of the benefit of their bargain, loss of use of the money so invested, and attorneys' fees.

## COUNT V: MAGNUSON-MOSS ACT

83. Plaintiff repeats and reavers the allegations set forth in Paras. 1 – 67 above, as if fully set forth herein.

84. The conduct of Defendants as described herein constitutes a violation of the Magnuson-Moss Act, 15 U.S.C. sec. 2301 et seq.

85. As a direct, proximate and foreseeable result of such conduct, Plaintiff suffered pecuniary loss and other harm, including but not limited to loss of the benefit of their bargain, loss of use of the money so invested, and attorneys' fees.

## COUNT VI: BREACH OF CONTRACT

86. Plaintiff repeats and reavers the allegations set forth in Paras. 1 – 67 above, as if fully set forth herein.

87. Plaintiff, as a member of the public and a member of the class intended by Defendants to rely on their conduct and representations, is an intended third-party beneficiary of the agreement(s) between Barbara Buhler Lynes and the National Gallery, and between Barbara Buhler Lynes and Jane Fishkoff.

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

16

88. The conduct of Barbara Buhler Lynes constitutes a breach of her contractual duties to National Gallery, Foundation and/or Jane Fishkoff, including but not limited to breach of the contractual duty of good faith and fair dealing.

89. As a direct, proximate and foreseeable result of such conduct, Plaintiff suffered pecuniary loss and other harm, including but not limited to loss of the benefit of their bargain, loss of use of the money so invested, and attorneys' fees.

### COUNT VII: NEGLIGENT SUPERVISION

90. Plaintiff repeats and reavers the allegations set forth in Paras. 1 – 67 above, as if fully set forth herein.

91. The conduct of Defendant National Gallery as described herein constitutes negligent supervision of Defendant Barbara Buhler Lynes, in that it violates the standard of care generally observed by reasonably prudent institutions in similar circumstances.

92. As a direct, proximate and foreseeable result of such conduct, Plaintiff suffered pecuniary loss and other harm, including but not limited to loss of the benefit of his bargain, loss of use of the money so invested, attorneys' fees, and emotional distress.

### COUNT VIII: UNJUST ENRICHMENT: JANE FISHKOFF

93. Plaintiff repeats and reavers the allegations set forth in Paras. 1 – 67 above, as if fully set forth herein.

94. Defendant Fishkoff has been unjustly enriched by her receipt of the purchase price, at the expense of Plaintiff.

### COUNT IX: BREACH OF WARRANTY

95. Plaintiff repeats and reavers the allegations set forth in Paras. 1 – 67 above, as if fully set forth herein.

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

17

96. The conduct of Defendants as described herein constitutes a breach of warranty under the relevant state law, as a result of which Plaintiff was proximately and directly damaged, including but not limited to his loss of benefit of the bargain, and loss of his investment return.

97. As a direct, proximate and foreseeable result of such conduct, Plaintiff has suffered pecuniary and other harm, including but not limited to loss of the benefit of their bargain, loss of use of the money so invested, and attorneys' fees.

### COUNT X: FAILURE OF CONSIDERATION

98. Plaintiff repeats and reavers the allegations set forth in Paras. 1 – 67 above, as if fully set forth herein.

99. The conduct of Defendants as described herein resulted in failure of consideration, as a result of which Plaintiff was proximately and directly damaged, including but not limited to his loss of benefit of the bargain, and loss of his investment return.

100.     As a direct, proximate and foreseeable result of such conduct, Plaintiff has suffered pecuniary and other harm, including but not limited to loss of the benefit of their bargain, loss of use of the money so invested, and attorneys' fees.

### COUNT XI: PARTNERSHIP/JOINT VENTURE

101.     Plaintiff repeats and reavers the allegations set forth in Paras. 1 - 67 above, as if fully set forth herein.

102.     Defendants National Gallery and the Foundation were partners and/or joint venturers in the retention and supervision of Barbara Buhler Lynes and the research, investigation, production and distribution of the Catalogue Raissone, such that each of them is fully liable for the torts of the other in relation thereto.

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

18

103.    As a direct, proximate and foreseeable result of such conduct, Plaintiff has suffered pecuniary and other harm, including but not limited to loss of the benefit of their bargain, loss of use of the money so invested, and attorneys' fees.

## COUNT XII: CIVIL CONSPIRACY

104.    Plaintiff repeats and reavers the allegations set forth in Paras. 1 – 67 above, as if fully set forth herein.

105.    The conduct of Defendants as described herein constitutes a civil conspiracy between them, in that, *inter alia*, their acts intentionally and knowingly taken in concert with the acts of the others deprived Plaintiff of his lawful rights through unlawful means, or in a manner constituting a willful tort, as a result of which Plaintiff was proximately and directly damaged, including but not limited to his loss of benefit of the bargain, and loss of his investment return.

106.    As a direct, proximate and foreseeable result of such conduct, Plaintiff has suffered pecuniary and other harm, including but not limited to loss of the benefit of their bargain, loss of use of the money so invested, and attorneys' fees.

## COUNT XIII: VIOLATION OF PUBLIC TRUST

107.    Plaintiff repeats and reavers the allegations set forth in Paras. 1 – 67 above, as if fully set forth herein.

108.    The conduct of Defendants National Gallery and the Foundation constitute a violation of the public trust imposed in them by virtue, *inter alia*, of the former's creation by federal legislation, the federal non-profit status of them both and, upon information and belief, the receipt by them of public monies and benefits.

109.    The imposition of a public trust on these entities renders them liable to the public, including Plaintiff, for breach thereof, and imposes on them a fiduciary duty in their dealings with the public.

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

110.   As a result of said Defendants' breach of the public trust imposed in them, Plaintiff was proximately and directly damaged, including but not limited to his loss of benefit of the bargain, and loss of his investment return.

## COUNT XIV: LACK OF DUE DILIGENCE

111.   Plaintiff repeats and reavers the allegations set forth in Paras. 1 – 67 above, as if fully set forth herein.

112.   The conduct of Defendants herein fails to comport with the standards of due diligence in regard to researching and representing the true nature of a work of art as being the work of the artist to which it is attributed.

113.   As a direct, proximate and foreseeable result of such conduct, Plaintiff has suffered pecuniary and other harm, including but not limited to loss of the benefit of their bargain, loss of use of the money so invested, and attorneys' fees.

## COUNT XV: PUNITIVE DAMAGES

114.   Plaintiff repeats and reavers the allegations set forth in Paras. 1 – 67 above, as if fully set forth herein.

115.   The conduct of Defendants as described herein is sufficient to support an award of punitive damages.

Wherefore, it is respectfully demanded that judgment be entered in favor of

Plaintiff against all Defendants jointly and severally, and in the alternative, in

an amount sufficient to compensate him for his consequential damages,

together with interest thereon, and his costs; and treble damages under the

Vermont Consumer Fraud Act; and his attorneys' fees; and an amount for the

contractual bad faith of Defendants; and an amount sufficient to penalize

Defendants for their bad conduct as punitive damages; and for such other and

further relief as the Court deems just.

Dated this 14th day of October, 2004.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Lisa Chalidze, Esq.
548 Herrick Road
Benson VT 05743
(802) 537-3062

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

STATE OF VERMONT                    CHITTENDEN SUPERIOR COURT
CHITTENDEN COUNTY, SS.              DOCKET NO. *1250-04 CnC*

EDWARD J. BRADY,
    Plaintiff

                  v.

NATIONAL GALLERY OF ART, GEORGIA
O'KEEFE FOUNDATION, BARBARA BUHLER
LYNES, JANE FISHKOFF, JAMES BERRY HILL,
BERRY HILL GALLERIES, INC., BRUCE
WEBER, JOHN DOE and JANE DOE,
    Defendants

### DEMAND FOR TRIAL BY JURY

Now comes Plaintiff herein, by and through his attorney Lisa Chalidze, Esq.,

and respectfully demands trial by jury on all issues so triable.

Dated this 14th day of October, 2004.

                                    Lisa Chalidze, Esq.
                                    548 Herrick Road
                                    Benson, VT 05743
                                    (802) 537-3062

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

006039



Abiquiu, New Mexico
September 17, 1987

DIANE A. LAVALLEE
CLERK

Mr. Andrew Dierken
8563½ Cashio
Los Angeles, California  90035

Dear Mr. Dierken:

Mr. Juan Hamilton has asked me to thank you for your letter and photograph
of a painting purported to have been done by Georgia O'Keeffe.  Mr. Hamilton
has asked me to let you know the painting is similar to a work done in the
teens by Miss O'Keeffe.  Unfortunately, this work was not done by her.  The
painting is not listed anywhere in our catalogues or records and was never
sold by us.

Thank you for informing us of this matter.

Sincerely,

Judy Lopez
Secretary
Estate of Georgia O'Keeffe

CONFIDENTIAL
L-0038

PLAINTIFF'S
EXHIBIT
l

# WHITNEY MUSEUM OF AMERICAN ART

Founded 1930 by Gertrude V. Whitney

945 Madison Avenue at Seventy-Fifth Street    New York, New York 10021    (212)  0-3600

Direct Dial (212)    0

October 24, 1988

Mr. Andrew Dierken
Andrew Dierken Fine Arts
8563 1/2 Cashio
Los Angeles, CA    90035

Dear Andrew Dierken,

    I apologize for the delay in responding to your req est
for a written opinion of the watercolor whose photogra
you sent me.  In my opinion, the watercolor (untitled/   ine
Marine study) is by Georgia O'Keeffe.  Although we hav  no
specific record of the work in our O'Keeffe files, the
are many other of her works for which this is also tru
The work's resemblance to O'Keeffe's early watercolor   :yle,
and her signed signature, makes the verdict about its
authenticity convincing.

Sincerely yours,

Barbera Haskell

Barbara Haskell
Curator

PLAINTIFF'S
EXHIBIT
2

CONFIDENTIAL
L-0057

THE GEORGIA O'KEEFFE CATALOGUE RAISONNÉ

*Joint Project of the National Gallery of Art, Washington, and the Georgia O'Keeffe Foundation*

3 December 1994                                                          6039



Dear Dr.

I very much appreciate your completing and returning
the questionnaire related to the watercolor that you
purchased from Andrew Dierken in 1988.  I am also
grateful to have a copy of the 1988 letter from
Barbara Haskell to Dierken regarding the work.

I am enclosing the transparency you so kindly lent
me.  Having it has permitted me to confirm that the
image of the work you own is the same as that I have
associated with the untitled watercolor in my files.

Please accept my thanks for your cooperation and my
best wishes.

Yours sincerely,

Barbara Buhler Lynes

230 Stony Run Lane 10 · Baltimore, Maryland 21210-3929

TELEPHONE (410) 889-4852 · FACSIMILE (410) 889-2678

*Author:* Barbara Buhler Lynes  *Directors:* Ruth E. Fine, Elizabeth Glassman

*Committee:* William C. Agee, Wanda Corn, Charles C. Eldredge, Sarah Greenough

CONFIDENTIAL
L-0056

August 2, 1974
Abiquiu,  New Mexico

Dear Mr. Nicolas:

We recieved your reply and check today, and hope to have
the watercolor framed next week if possible. Also I need
to find or make a shipping crate, but hope we can get the
watercolor off to you within the next two weeks. After I
check with the insurance man, I will let you know how it
is being shipped. I think you will enjoy the watercolor
quite a bit, and know that you have one of the few O'Keeffe
watercolors available.

Sincerely,

Juan Hamilton
Assistant to Georgia O'Keefe

CONFIDENTIAL
L-0059



CONFIDENTIAL
L-0060

FOR DEPOSIT ONLY

FIRST NATL. BK.
OF SANTA FE
SANTA FE, N.M.
78-17

(P-474·333   7170

November 14th, 1974
Abiquiu, New Mexico

Nick S. Nicolas
5066 Chalmers
Detroit, Michigan
48213

Dear Mr. Nicolas:

I am sorry about the confusion on the date of your watercolor.
Frankly, I don't know exactly when it was done. It had been
stored in a drawer for a long time. When I went to Maine in
the spring or fall, I usually painted things I found on the
beach - and this watercolor looks like one from that time.
Most of my trips to Maine were in the twenties. If you would
wish to change the back mat on your picture, please send me
the one you have, and one of the same size.

Thank you very much for the beautiful shell; and Juan thanks you
for the  Visconti Hours .

                                    Sincerely,

                                    Georgia O'Keeffe

                                    Georgia O'Keeffe

GO'K/jh

CONFIDENTIAL
L-0058

CHITTENDEN COUNTY
FILED IN CLERKS OFFICE

DIANE A. LAVALLEE
CLERK

INFORMATION SHEET

ARTIST:   Georgia O'Keeffe

TITLE:   Untitled (Maine Marine Study)

DATE:   c.1922

MEDIA:   color watercolor on paper

SIZE:   20¼" x 12"    52 x 30.5 cm

PROVENANCE:   Purchased from the Artist
Nick Nicholas, Michigan
Private Collection LA
Private Collection NY

ADDITIONAL INFORMATION:   Colors are bright and paper in excellent condition.

The work is signed on a card on back of the frame.

Exhibited:   University of Michigan Museum of Art, Ann Harbor

Letters from Barbara Haskell, Whitney Museum of American Art NY and
from Barbara Buhler Lynes, author of the Georgia O'Keeffe Catalogue
Raisonné.

PRINTED 24 May 1993

25 May 1993

Andrew Dierken
8563-1/2 Cashio
Los Angeles CA 90035

Dear Mr. Dierken:

In my research as author of the Georgia O'Keeffe Catalogue Raisonné, I have run across a limited correspondence between you and the Estate of Georgia O'Keeffe dating 1987-88 concerning a watercolor you purchased as a work by Georgia O'Keeffe from a Mr. Nick Nicolas.

It is my understanding that the O'Keeffe estate could find no record of the work in its catalogues of the artist's work and that subsequently you stated an intention to initiate legal action against Mr. Nicolas, wishing both to get the work off the market and get your money refunded.

I wonder if you would be kind enough to let me know the outcome of this situation; in particular, the present whereabouts of the watercolor, if that is known to you.

Your cooperation will be greatly appreciated.

Yours sincerely,


Barbara Buhler Lynes

0 0 6 0 3 9

BERGEN COUNTY CLERK
FILED IN CLERKS OFFICE

DIANE A. COFFEY
CLERK

CONFIDENTIAL
L-0047

PLAINTIFF'S
EXHIBIT
3

006039

PRINTED 10 May 1994 AND SENT

ind: Dierken

10 May 1994

Andrew Dierken
8563-1/2 Cashio
Los Angeles CA 90035

Dear Mr. Dierken:

About a year ago, I sent you a letter concerning a
watercolor you purchased as a work by Georgia
O'Keeffe, the first owner of which had apparently
been Mr. Nick Nicolas.  Because I did not receive
either a response or the letter, returned, I suspect
it was lost in the mail.

In the letter, I expressed interest in the fact that
the O'Keeffe Estate could not authenticate the work
you purchased and noted that, as a result, you had
expressed an interested in getting the watercolor off
the market.

My sole concern, as author of the O'Keeffe catalogue
raisonné, is to know if the watercolor may still be
on the market and, if so, to be able to recognize it.

I wonder if you would be kind enough to let me know
the status of the work and, if possible, to send me
any photo-documentation of it you may have available?
Almost anything will do: snapshot, polaroid,
photocopy of photograph, etc.  Whatever you can't
spare, I could have duplicated and return to you
immediately.

Thank you for your consideration of this request.

Yours sincerely,


Barbara Buhler Lynes



CONFIDENTIAL
L-0048

PRINTED 6 August 1994 AND SENT
ind: Hamilton

DIANE A. LAVALLEE
CLERK

6 August 1994

Juan Hamilton
P.O. Box 40
Abiquiu, NM 87510

Dear Juan:

I will be in Santa Fe the last week in September and would very much like to meet with you for approximately 30 minutes to talk about the following:

1. the identification of an O'Keeffe painting that a private collector in New Mexico brought to your attention in the early 1980s;

2. the identification of the two watercolors that Nick Nicolas purchased from O'Keeffe;

3. the various watercolors, not by O'Keeffe, that Nicolas subsequently authenticated as O'Keeffe work and sold;

4. the substantial number of fakes that have been sold or are currently being marketed by various other people or agencies as authentic works by O'Keeffe.

Also, I would like to make arrangements with you or Pita to examine and make study photographs of the works by O'Keeffe in your collection.

I hope the summer has been enjoyable and that your work is going well. I look forward to meeting with you in the fall.

Sincerely yours,


Barbara Buhler Lynes



PLAINTIFF'S
EXHIBIT
5

CONFIDENTIAL
L-0028

# THE GEORGIA O'KEEFFE CATALOGUE RAISONNÉ

*A Joint Project of the National Gallery of Art, Washington, and the Georgia O'Keeffe Foundation*

21 November 1994

Dr. and Mrs.

DIANE A. LAVALLEE
CLERK

Dear Dr. and Mrs.

I write as author of the O'Keeffe catalogue raisonné, about which I enclose a prospectus. As you will see, the prospectus addresses a number of issues, including confidentiality, toward which this project is particularly sensitive.

I am presently attempting to locate all works by and attributed to Georgia O'Keeffe and establish their ownership and exhibition histories. In that regard, I understand that you own or have owned an undated watercolor of marine subject matter (seaweed), 20-1/2 x 12 inches.

I would be most grateful if you would describe your possession of this work by completing the questionnaire I enclose and returning it to me. If you have additional information or comments about the work or its history, I would appreciate your recording such on the back of the form. And if you have documents related to the work or its history, I would be very interested to have copies of them.

Thank you for your consideration of this request, and please do not feel bound by the format of the questionnaire. I would be happy to have your response in any form and look forward to hearing from you.

Sincerely yours,

Barbara Buhler Lynes

enclosures

230 Stony Run Lane 1c • Baltimore, Maryland 21210-3029
TELEPHONE (410) · · 552 · FACSIMILE (410) 889-2057

Andrea, Barbara Buhl'
Advisory Committee, ... ...

Direct ... R ... I. Fine, Ph
Wanda · · C. Fr: · · ... enough

CONFIDENTIAL
L-0066

PLAINTIFF'S
EXHIBIT
6



THE GEORGIA O'KEEFFE CATALOGUE RAISONNÉ

*A Project of the National Gallery of Art, Washington, and the Georgia O'Keeffe Foundation*

3 December 1994

Daniel Fishkoff, M.D.
135 Green Street
Woodbridge NY 07095

Dear Dr. Fishkoff:

I very much appreciate your completing and returning
the questionnaire related to the watercolor that you
purchased from Andrew Dierken in 1988.  I am also
grateful to have a copy of the 1988 letter from
Barbara Haskell to Dierken regarding the work.

I am enclosing the transparency you so kindly lent
me.  Having it has permitted me to confirm that the
image of the work you own is the same as that I have
associated with the untitled watercolor in my files.

Please accept my thanks for your cooperation and my
best wishes.

Yours sincerely,

Barbara Buhler Lynes

230 Stony Run Lane 10 · Baltimore, Maryland 21210-1809

TELEPHONE (410) 889-1852 · FACSIMILE (410) 889-2683

*Author*: Barbara Buhler Lynes  *Directors*: Ruth E. Fine, Elizabeth Glassman

*Committee*: William C. Agee, Wanda Corn, Charles C. Eldredge, Sarah Greenough

PLAINTIFF'S
EXHIBIT
7

CONFIDENTIAL
L-0056

#6039

February 8, 2000

DIANE A. LAVALLEE
CLERK

Ms. Barbara Lynes
Georgia O'Keeffe Museum
217 Johnson Street
Santa Fe, New Mexico 87501-2161

Dear Ms. Lynes:

I am enclosing a transparency of a watercolor on paper, size 20½" x 12", by Georgia O'Keeffe untitled (Maine marine study). I purchased this painting on October 23, 1996 and it is still owned by me. This painting was purchased originally by a Nick Nicholas of Michigan on July 31, 1974 and I am enclosing a copy of his check payable to Georgia O'Keeffe on same date and a copy of O'Keeffe's endorsement on the back of the check. Also enclosed is a copy of a letter by Juan Hamilton, assistant to O'Keeffe, dated August 2, 1974 to Mr. Nicholas and a letter dated November 14, 1974 by O'Keeffe to Nicholas; also, a copy of a letter to Andrew Dierken of Dierken Fine Arts dated October 24, 1988 by Barbara Haskell, Curator of the Whitney Museum of American Art. Also enclosed is a copy of a letter from you to Dr. Daniel Fishkoff of Woodbridge, New Jersey dated December 3, 1994 who, at that time, owned this watercolor by O'Keeffe. Your letter confirms the fact that his painting's image was the same as the one in your file.

I recently purchased the two volume set of books "Georgia O'Keeffe Catalogue Raisonne" and note that there is no mention of my painting in your books and am wondering why the painting was omitted.

Please advise.   Thank you.

Sincerely,

Edward J. Brady
1492 Button Bay Road
Vergennes, Vermont 05491

802-475-2534

EJB:rb

Enclosures 6

PLAINTIFF'S
EXHIBIT
8

Brady

CONFIDENTIAL
L-0055

15 February 2000

Mr. Edward J. Brady
1492 Button Bay Road
Vergennes, Vermont 05492

Dear Mr. Brady:

Regarding your inquiry about your work, <u>Untitled</u>, <u>Georgia O'Keeffe: Catalogue Raisonné</u>, I wanted you to know that the preface of the catalogue raisonné explains the methodology that was used in determining works that were included.  <u>Careful study and evaluation was given to every object considered</u> for the catalogue with respect to 1) provenance 2) technical characteristics and 3) connoisseurship, all of this based on each work's relationship to thousands of works examined during my seven years of research on the catalogue project and my more than fifteen years of experience as an O'Keeffe scholar.

Research for the catalogue caused numerous works, including your own, to be omitted from it because data in one or more of the above three categories could not be demonstrated to conform to the profile of accepted works by Georgia O'Keeffe.  To quote from the final paragraph of the catalogue's preface: ".  .  . although [the catalogue] does not purport to be a complete recrod of all works by the artist, every work included in it can be reasonably defended as genuine."

Thank you for your cooperation.

Sincerely yours,

Barbara Buhler Lynes
Author, <u>Georgia O'Keeffe: Catalogue Raisonné</u> (New Haven, London, Yale University Press, 1999)


PLAINTIFF'S
EXHIBIT
9

STATE OF VERMONT
CHITTENDEN COUNTY, SS.

CHITTENDEN SUPERIOR COURT
DOCKET NO.  *1250-04 Cnc*

EDWARD J. BRADY,
    Plaintiff

v.

NATIONAL GALLERY OF ART, GEORGIA
O'KEEFE FOUNDATION, BARBARA BUHLER
LYNES, JANE FISHKOFF, JAMES BERRY HILL,
BERRY HILL GALLERIES, INC., BRUCE
WEBER, JOHN DOE and JANE DOE,
    Defendants



CHITTENDEN COUNTY CLERK
FILED IN CLERKS OFFICE

2004

DIANE A. LAVALLEE
CLERK

## SUMMONS

To: Defendant NATIONAL GALLERY OF ART

    You are hereby summoned and required to serve upon Lisa Chalidze, Esq., Plaintiff's attorney, whose address is 548 Herrick Road, Benson, VT 05743, an answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court, which is Chittenden Superior Court, 175 Main Street, PO Box 187, Burlington VT 05402-0187. Unless the relief demanded in the complaint is for damage covered by a liability insurance policy under which the insurer has the right or obligation to conduct the defense, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action.

                                                *Lisa Chalidze*
                                          Lisa Chalidze, Esq.

Dated: October 14, 2004

                            Served on   _____
                                                (Date)

                                                _____
                                                (served by)

NOTICE: The Complaint has already been filed with the Court. The Court is required to keep the Complaint confidential until such time as you have filed an Answer to the Complaint or a default judgment has been taken against you.

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

STATE OF VERMONT
CHITTENDEN COUNTY, SS.

CHITTENDEN SUPERIOR COURT
DOCKET NO.   *1250-04mC*

EDWARD J. BRADY,
    Plaintiff

        v.

NATIONAL GALLERY OF ART, GEORGIA
O'KEEFE FOUNDATION, BARBARA BUHLER
LYNES, JANE FISHKOFF, JAMES BERRY HILL,
BERRY HILL GALLERIES, INC., BRUCE
WEBER, JOHN DOE and JANE DOE,
    Defendants



DIANE A. LAVALLEE
CLERK

## SUMMONS

To: Defendant GEORGIA O'KEEFE FOUNDATION

    You are hereby summoned and required to serve upon Lisa Chalidze, Esq., Plaintiff's attorney, whose address is 548 Herrick Road, Benson, VT 05743, an answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court, which is Chittenden Superior Court, 175 Main Street, PO Box 187, Burlington VT 05402-0187. Unless the relief demanded in the complaint is for damage covered by a liability insurance policy under which the insurer has the right or obligation to conduct the defense, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action.

                                                                                  Lisa Chalidze, Esq.

Dated: October 14, 2004

                                          Served on          _____
                                                                     (Date)

                                                               _____
                                                              (served by)

NOTICE: The Complaint has already been filed with the Court. The Court is required to keep the Complaint confidential until such time as you have filed an Answer to the Complaint or a default judgment has been taken against you.

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

STATE OF VERMONT                          CHITTENDEN SUPERIOR COURT
CHITTENDEN COUNTY, SS.                    DOCKET NO. *1250-04 Cnc*

EDWARD J. BRADY,
    Plaintiff

        v.

NATIONAL GALLERY OF ART, GEORGIA
O'KEEFE FOUNDATION, BARBARA BUHLER
LYNES, JANE FISHKOFF, JAMES BERRY HILL,
BERRY HILL GALLERIES, INC., BRUCE
WEBER, JOHN DOE and JANE DOE,
    Defendants



DIANE A. LAVALLEE
CLERK

SUMMONS

To: Defendant BARBARA BUHLER LYNES

    You are hereby summoned and required to serve upon Lisa Chalidze, Esq., Plaintiff's attorney, whose address is 548 Herrick Road, Benson, VT 05743, an answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court, which is Chittenden Superior Court, 175 Main Street, PO Box 187, Burlington VT 05402-0187. Unless the relief demanded in the complaint is for damage covered by a liability insurance policy under which the insurer has the right or obligation to conduct the defense, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action.

                                      *Lisa Chalidze*
                                    Lisa Chalidze, Esq.

Dated: October 14, 2004

                            Served on   _____
                                              (Date)

                                           _____
                                            (served by)

NOTICE: The Complaint has already been filed with the Court. The Court is required to keep the Complaint confidential until such time as you have filed an Answer to the Complaint or a default judgment has been taken against you.

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

STATE OF VERMONT
CHITTENDEN COUNTY, SS.

CHITTENDEN SUPERIOR COURT
DOCKET NO. *1250-04CnC*

EDWARD J. BRADY,
    Plaintiff

        v.

NATIONAL GALLERY OF ART, GEORGIA
O'KEEFE FOUNDATION, BARBARA BUHLER
LYNES, JANE FISHKOFF, JAMES BERRY HILL,
BERRY HILL GALLERIES, INC., BRUCE
WEBER, JOHN DOE and JANE DOE,
    Defendants



CHITTENDEN COUNTY CLERK
FILED IN CLERKS OFFICE

DIANE A. LAVALLEE
CLERK

### SUMMONS

To: Defendant JANE FISHKOFF

    You are hereby summoned and required to serve upon Lisa Chalidze, Esq., Plaintiff's attorney, whose address is 548 Herrick Road, Benson, VT 05743, an answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court, which is Chittenden Superior Court, 175 Main Street, PO Box 187, Burlington VT 05402-0187. Unless the relief demanded in the complaint is for damage covered by a liability insurance policy under which the insurer has the right or obligation to conduct the defense, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action.

                                       Lisa Chalidze, Esq.

Dated: October 14, 2004

                          Served on    _____

                                            (Date)

                                        _____

                                         (served by)

NOTICE: The Complaint has already been filed with the Court. The Court is required to keep the Complaint confidential until such time as you have filed an Answer to the Complaint or a default judgment has been taken against you.

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

STATE OF VERMONT                        CHITTENDEN SUPERIOR COURT
CHITTENDEN COUNTY, SS.                  DOCKET NO. *1250-04CnC*

EDWARD J. BRADY,
    Plaintiff

        v.

NATIONAL GALLERY OF ART, GEORGIA
O'KEEFE FOUNDATION, BARBARA BUHLER
LYNES, JANE FISHKOFF, JAMES BERRY HILL,
BERRY HILL GALLERIES, INC., BRUCE
WEBER, JOHN DOE and JANE DOE,
    Defendants



CHITTENDEN COUNTY CLERK
FILED IN CLERK'S OFFICE

DIANE A. LAVALLEE
CLERK

## SUMMONS

To: Defendant JAMES BERRY HILL

    You are hereby summoned and required to serve upon Lisa Chalidze, Esq., Plaintiff's attorney, whose address is 548 Herrick Road, Benson, VT 05743, an answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the Court, which is Chittenden Superior Court, 175 Main Street, PO Box 187, Burlington VT 05402-0187. Unless the relief demanded in the complaint is for damage covered by a liability insurance policy under which the insurer has the right or obligation to conduct the defense, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action.

                                            Lisa Chalidze, Esq.

Dated: October 14, 2004

                              Served on      _____
                                                  (Date)

                                               _____
                                              (served by)

NOTICE: The Complaint has already been filed with the Court. The Court is required to keep the Complaint confidential until such time as you have filed an Answer to the Complaint or a default judgment has been taken against you.

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

STATE OF VERMONT            CHITTENDEN SUPERIOR COURT
CHITTENDEN COUNTY, SS.        DOCKET NO.     *1250-04Cnc*

EDWARD J. BRADY,
     Plaintiff

           v.

NATIONAL GALLERY OF ART, GEORGIA
O'KEEFE FOUNDATION, BARBARA BUHLER
LYNES, JANE FISHKOFF, JAMES BERRY HILL,
BERRY HILL GALLERIES, INC., BRUCE
WEBER, JOHN DOE and JANE DOE,
     Defendants

CHITTENDEN COUNTY CLERK
FILED IN CLERK'S OFFICE

NAME & ADDRESS
CLERK

## SUMMONS

To: Defendant BERRY HILL GALLERIES, INC.

You are hereby summoned and required to serve upon Lisa Chalidze, Esq., Plaintiff's attorney, whose address is 548 Herrick Road, Benson, VT 05743, an answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court, which is Chittenden Superior Court, 175 Main Street, PO Box 187, Burlington VT 05402-0187. Unless the relief demanded in the complaint is for damage covered by a liability insurance policy under which the insurer has the right or obligation to conduct the defense, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action.

                                       Lisa Chalidze, Esq.

Dated: October 14, 2004

                          Served on     _____

                                               (Date)

                                           _____

                                            (served by)

NOTICE: The Complaint has already been filed with the Court. The Court is required to keep the Complaint confidential until such time as you have filed an Answer to the Complaint or a default judgment has been taken against you.

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743

STATE OF VERMONT
CHITTENDEN COUNTY, SS.

CHITTENDEN SUPERIOR COURT
DOCKET NO. *1250-04CnC*

EDWARD J. BRADY,
   Plaintiff

       v.

NATIONAL GALLERY OF ART, GEORGIA
O'KEEFE FOUNDATION, BARBARA BUHLER
LYNES, JANE FISHKOFF, JAMES BERRY HILL,
BERRY HILL GALLERIES, INC., BRUCE
WEBER, JOHN DOE and JANE DOE,
   Defendants



CHITTENDEN SS.
FILED IN CLERK'S
DIANE A. LAVALLEE
CLERK

### SUMMONS

To: Defendant BRUCE WEBER

     You are hereby summoned and required to serve upon Lisa Chalidze, Esq., Plaintiff's attorney, whose address is 548 Herrick Road, Benson, VT 05743, an answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court, which is Chittenden Superior Court, 175 Main Street, PO Box 187, Burlington VT 05402-0187. Unless the relief demanded in the complaint is for damage covered by a liability insurance policy under which the insurer has the right or obligation to conduct the defense, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action.

                                   Lisa Chalidze, Esq.

Dated: October 14, 2004

                           Served on    _____

                                                    (Date)

                                         _____

                                             (served by)

NOTICE: The Complaint has already been filed with the Court. The Court is required to keep the Complaint confidential until such time as you have filed an Answer to the Complaint or a default judgment has been taken against you.

Lisa Chalidze
Attorney at Law
548 Herrick Rd.
Benson, VT 05743